NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MARK A. HILL, Jr., <br><br> Petitioner <br><br> v. <br><br> STATE OF NEW JERSEY, <br><br> Respondent | Civ. No. 23-687 (RMB) <br><br> **OPINION** |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Mark A. Hill, Jr. ("Petitioner"), a pretrial detainee confined in South Woods State Prison in Bridgeton, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his arrest and his indictment by a grand jury in Camden County, New Jersey. (Pet., Docket No. 1.) For relief, Petitioner requests that all charges be dismissed with prejudice.

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. For the

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

reasons discussed below, the Court dismiss the habeas petition without prejudice.

Federal district courts have pretrial habeas jurisdiction under 28 U.S.C. § 2241, but should not exercise jurisdiction in the absence of extraordinary circumstances. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Thus, "where [a] petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Here, Petitioner has not alleged that he exhausted his state court remedies on his claims that a warrant was issued for his arrest without oath or affirmation, and the indictment was issued without placing the testifying detective under oath. There is nothing extraordinary about Petitioner's claims that warrant federal court interference with the state courts in resolving Petitioner's constitutional defenses to his detention. *See e.g.*, *Alexander v. Mueller*, No. CV 18-8926 (MAS), 2021 WL 1526546, at *2 (D.N.J. Apr. 19, 2021).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), Petitioner must be granted a certificate of appealability before "an appeal may [] be taken to the court of appeals from-- … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" A certificate of appealability may issue upon the petitioner's "substantial showing of he denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

[certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Jurists of reason would not disagree with this Court's decision to dismiss Petitioner's pretrial habeas petition without prejudice for failure to exhaust state court remedies and for the absence of extraordinary circumstances.   The Court will deny Petitioner a certificate of appealability.

An appropriate order follows.

**Dated:   January 22, 2024**

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **Chief United States District Judge**